# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONTE TUMBLING, | 1:08cv1801 LJO DLB |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL |
| v. | (Document 22) |
| MERCED IRRIGATION DISTRICT, | |
| Defendant. | |

Defendant Merced Irrigation District ("Defendant") filed the instant discovery motion on June 19, 2009. The matter was heard on July 10, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Matthew Racine appeared on behalf of Defendant. Lawrence D. Murray appeared on behalf of Plaintiff LaMonte Tumbling ("Plaintiff").

**BACKGROUND**

Plaintiff filed the instant employment discrimination action on November 21, 2008. The complaint states causes of action under Title VII, California's Fair Housing and Employment Act and other federal and state statutes based mainly on allegations of race and gender discrimination.

Defendant served its Request for Inspection of Documents on April 2, 2009. Plaintiff did not respond, or request additional time, prior to the response due date of May 5, 2009. In a letter

dated May 14, 2009, Defendant's counsel advised Plaintiff's counsel that he had not received a response. On May 18, 2009, Plaintiff served his response.

On June 19, 2009, Defendant filed the instant motion to compel responses. Defendant also requests the imposition of sanctions.

During the meet and confer efforts that followed, and based on Plaintiff's Amended Responses served on June 29, 2009, the parties were able to resolve all issues related to the 76 requests except for responses claiming the attorney-client privilege or work product doctrine.

The parties' joint statement was filed on July 7, 2009.

## **DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases such as this, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed.R.Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989).

A.   Plaintiff's Hard Drive

Request Number 68 requests Plaintiff's "computer, hard drive and any other electronic storage media in your possession, custody or control used by you to send and receive e-mail, or store any electronic information related to the allegations in your complaint." Plaintiff objected to the request based on the attorney-client privilege, work-product doctrine and the spousal communication privilege.

When questioned at the hearing, Defendant explained that it hoped to determine whether Plaintiff sent a specific e-mail from the e-mail address "midwatchdog@hotmail.com." Defendant admitted, however, that it had not yet exhausted less intrusive and/or burdensome means of discovering the information.

Therefore, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i) and (iii), the Court finds that production of Plaintiff's computer or hard drive is not warranted at time.

B.   Attorney-Client Privilege

Generally, failing to timely respond to a Rule 34 request waives any objections the responding party may have raised. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992). However, in the case of the attorney-client privilege, the attorney's failure to timely respond to requests does not waive the privilege. The client is the holder of the privilege and therefore only the client can waive it. See eg. Cunningham v. Connecticut Mut. Life Ins., 845 F.Supp. 1403 (S.D. Cal. 1994).

Here, the failure to timely respond appears to be the fault of counsel. Plaintiff's counsel explained that he was "overwhelmed" with a jury trial when the responses were due. Plaintiff took no actions, either affirmatively or unintentionally, to waive the privilege. Accordingly, although all other objections are waived, Plaintiff has not waived the privilege and is entitled to object to discovery on this basis.

C.   Work-Product Doctrine

Plaintiff has raised the work-product doctrine in objecting to requests for information on fees paid by Plaintiff to his attorney (Numbers 61, 62 and 63). At the hearing, Defendant acknowledged that in cases such as this, a plaintiff typically does not pay for legal services during the pendency of the action. Rather, fees are settled once the case is resolved. Indeed, the privilege log identifies a "Contingency Fee Agreement." Exhibit E, attached to Declaration of Matthew T. Racine.

Defendant further acknowledged that it is mostly interested in time records to gauge the time spent by counsel in preparation for settlement negotiations. At this time, though, there is no indication that the parties are ready for settlement discussions. Disclosure of time records may also inadvertently disclose information protected under the attorney-client privilege. Accordingly, the Court finds that Defendant is not entitled to time records at this time.

**ORDER**

Based on the above discussion, the Court GRANTS Defendant's motion in so far as it finds that Plaintiff has waived all objections other than the attorney-client privilege. As to the attorney-client privilege, Defendant's motion is DENIED.

Defendant's motion to compel production of time records is DENIED at this stage of the proceeding.

Defendant's motion to compel production of Plaintiff's hard drive is DENIED at this stage of the proceeding.

Defendant's request for sanctions is DENIED.

Within twenty (20) days of the date of this order, Plaintiff shall provide further responses or notify Defendant that there are no further responses to the discovery at issue.

IT IS SO ORDERED.

Dated: __July 14, 2009__          _____/s/ **Dennis L. Beck**_____
                                                    UNITED STATES MAGISTRATE JUDGE