UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaMONTE TUMBLING,<br><br>        Plaintiff,<br><br>    vs.<br><br>MERCED IRRIGATION DISTRICT,<br><br>        Defendant.<br>_____/ | CASE NO. CV F 08-1801 LJO DLB<br><br>**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff LaMonte Tumbling seeks a discovery temporary restraining order, discovery protective order and a discovery order (collectively "TRO") preventing an "investigatory interview" by defendants regarding allegations contained in the complaint. This Court considered the motion on the record and without a hearing, pursuant to this Court's Local Rule 78-230(h).

**FACTUAL BACKGROUND**

Plaintiff LaMonte Tumbling has been employed by Defendant Merced Irrigation District ("MID") since 1994. In 2005, plaintiff was promoted to Supervisor in charge of ordering and delivery of water and electricity. After a brief period as Supervisor, plaintiff was demoted and a Caucasian woman was promoted to his Supervisor position. Plaintiff alleges in his complaint that the woman, Ms. LaCava, was promoted because she had "a propensity for going drinking and flirting with the boss." Plaintiff complained of racial and gender discrimination. Plaintiff was transferred to work in the field as a field hand.

After plaintiff filed is complaint in this action, the woman who replaced plaintiff as supervisor,

1  Ms. LaCava, filed an administrative complaint with MID.  The December 2008 letter from her counsel
2  indicates, as pertinent to this motion, that Ms. LaCava filed an administrative complaint for sexual
3  harassment arising from plaintiff's allegation about the manner in which she was promoted, among other
4  things.  MID, in turn, began an investigation and now demands that plaintiff, as part of the investigation,
5  submit to an interview by their investigator.
6      Plaintiff states that MID demands plaintiff submit to a forced interview on the allegations and
7  fact patterns which are encompassed in this action.  Plaintiff argues that the proper method to obtain
8  information about the allegations in the complaint is through an approved discovery device.  Plaintiff
9  argues that the "investigative interview" is an unauthorized discovery device under the Rules of Federal
10 Procedure.  He has been told that he will be subject to discipline for failure to comply, and plaintiff does
11 not want his job in jeopardy by refusing to submit to a forced statement. Accordingly, plaintiff asks this
12 Court to restrain MID from the interview pending resolution of motions currently set for hearing before
13 Magistrate Judge Dennis L. Beck.

**ANALYSIS AND DISCUSSION**

15   The legal principles applicable to a request for preliminary injunctive relief or a temporary
16 restraining order are well established.  To prevail, the moving party must show either "(1) a likelihood
17 of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions
18 going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland*
19 *Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), <u>quoting</u>
20 *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  Plaintiff need
21 not show positively he will prevail on the merits. A reasonable probability of success, not an
22 overwhelming likelihood, is all that need be shown for preliminary injunctive relief.  *Gilder v. PGA*
23 *Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991); *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003)
24 (Our court also uses an alternative test that requires the applicant to demonstrate either: a combination
25 of probable success on the merits and the possibility of irreparable injury; or serious questions going to
26 the merits and that the balance of hardships tips sharply in the applicant's favor.)  The two formulations
27 represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.
28 *Oakland Tribune*, 762 F.2d at 1376.  "Under either formulation of the test [for injunctive relief], plaintiff

1  must demonstrate that there exists a significant threat of irreparable injury." *Id.*

2  The Court need not consider all of the criteria for a TRO because the Court finds the failure of
3  one of the criterion is dispositive.

4  Plaintiff argues that he has or will suffer irreparable injury. Plaintiff argues that should he refuse
5  to participate in the forced interview, he will suffer discipline and could be terminated from employment.
6  Plaintiff argues that "(a) if he does not submit to an unlawful retaliatory investigation, he is potentially
7  subject to discipline and termination for insubordination, (b) if he does, he is subject to an unauthorized
8  discovery devise and potential findings as a means of seeking dismissal of the claims, and chilling the
9  exercise of his rights to complain . . ." (Doc. 31, Notice p. 5.)

10  Plaintiff must demonstrate potential harm which cannot be redressed by a legal or equitable
11  remedy following trial. The injunctive relief must be the only way of protecting the plaintiff from such
12  harm. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3rd Cir. 1992). Injunctive relief will not
13  be granted where irreparable harm is not shown. Injunctive relief is "an extraordinary remedy that may
14  only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural*
15  *Resources Defense Council, Inc.*, U.S. at _ , 129 S.Ct. at 375–376.

16  A potential, temporary deprivation of employment does not inflict irreparable injury, and
17  therefore does not justify injunctive relief. *See Sampson v. Murray*, 415 U.S. 61, 89-92, 94 S.Ct. 937,
18  39 L.Ed.2d 166 (1974); *see also Shegog v. Board of Educ. of City of Chicago*, 194 F.3d 836, 839 (7th
19  Cir. 1999) (no irreparable injury shown where the only injury in a case is financial); *EEOC v. Pacific*
20  *Press Publishing Association*, 535 F.2d 1182, 1187 (9th Cir.1976) (under *Sampson* a private litigant
21  does have some burden of showing irreparable harm.)

22  Here, the harm potentially alleged by plaintiff is compensable in monetary damages. Disciplinary
23  action resulting in financial harm is subject to compensation for which plaintiff could seek damages in
24  this case. Further, any harm arising from an abuse of the discovery process is within the authority of this
25  Court to award sanctions pursuant to Rule 37. Accordingly, the ills of which Plaintiff complains are not
26  irreparable injury because they are compensable.

27  ////

28  ////

**CONCLUSION**

For the foregoing reasons, the request for a discovery temporary restraining order, discovery protective order and a discovery order is DENIED. Plaintiff is not foreclosed from raising these issues with the Magistrate Judge either in the motions pending ( provided appropriate notice is given) or in subsequent motions.

IT IS SO ORDERED.

**Dated:   August 21, 2009**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE