# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONTE TUMBLING, | 1:08cv1801 LJO DLB |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO LIMIT DEPOSITIONS AS MOOT |
| v. | (Documents 43, 46) |
| MERCED IRRIGATION DISTRICT, | |
| Defendant. | |

Defendant Merced Irrigation District ("Defendant" or "MID") filed the instant motion to limit depositions on November 10, 2009. The matter was heard on December 10, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Neal Meyers appeared on behalf of Defendant. Dean Gordon and Robert Strickland appeared on behalf of Plaintiff LaMonte Tumbling ("Plaintiff").

**RELEVANT BACKGROUND**

Plaintiff filed the instant employment discrimination action against MID on November 21, 2008. The complaint states causes of action under Title VII, California's Fair Housing and Employment Act and other federal and state statutes based mainly on allegations of race and gender discrimination.

1    On October 29, 2009, Plaintiff's counsel, Lawrence Murray, faxed a deposition notice of
2  Defendant's Person Most Knowledgeable ("PMK"). The notice set the deposition for November
3  4, 2009, and identified 28 categories for examination.

4    Defendant filed a formal objection on October 30, 2009, objecting on the basis that the
5  notice did not provide reasonable notice given the breadth of matters for examination. Defendant
6  sent a more detailed letter to Plaintiff on November 6, 2009, explaining that most of the
7  categories were "either irrelevant or hopelessly lack in the reasonable particularity and the
8  'painstaking specificity' required by Rule 30(b)(b) and case law." Exh. D, Declaration of
9  Matthew Rancine.

10    On November 9, 2009, Plaintiff filed an amended deposition notice of Defendant's PMK.
11  The notice set the deposition for November 16, 2009, and identified 22 categories for
12  examination.

13    Defendant filed the instant motion for protective order on November 10, 2009.
14  Defendant also sent Plaintiff a letter indicating that it would not be making a PMK available.

15    By letter dated November 12, 2009, Plaintiff informed Defendant that he intended to
16  proceed with the PMK deposition.

17    On November 16, 2009, Defendant produced Robert Blum as its PMK. Declaration of
18  Neal Meyers, ¶ 3. Mr. Meyers objected to the deposition under Rule 30(d)(3)(A) as oppressive
19  to Defendant and demanded that the deposition be suspended to allow Defendant to obtain a
20  protective order.

21                                    **DISCUSSION**
22  A.    Legal Standard

23    Pursuant to Fed. R. Civ. P. 26(c), MID seeks a protective order/limiting order requiring
24  Plaintiff to (1) comply with the specificity requirements of Rule 30(b)(b); (2) provide Defendant
25  with at least 21 days' notice to permit it to prepare its PMK; and (3) not seek a PMK on a topic
26  that has already been fully explored during percipient deposition testimony.

27    Fed. R. Civ. P. 26(c) provides that a "court may, for good cause, issue an order to protect
28  a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); United States v. Columbia Broadcasting System, Inc., 666 F.2d 364, 368-369 (9th Cir. 1982).

In order to establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted. See Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test); see also San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that to gain a protective order the party must make a particularized showing of good cause with respect to any individual document). If a court finds particularized harm will result from disclosure of information to the public, it then balances the public and private interests to decide whether a protective order is necessary. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3rd Cir. 1995).

Similarly, Fed. R. Civ. P. 30(d)(3) permits the Court to limit or terminate a deposition if "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." The Court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c).

Rule 30(b)(6) provides that the deposition notice must "describe with reasonable particularity the matters for examination." A deposition notice is sufficiently particular when it is relevant to the underlying claims, covers a reasonable period of time, and is narrowly tailored. Astellas Pharma, Inc. v. Impax Laboratories, Inc., 2009 WL 2392166, *3 (N.D.Cal. 2009).

B.   Analysis

The 22 categories are, for the most part, relevant to the claims at issue. While the categories are broad and there appears to be some overlap, the descriptions will allow the parties to narrow the categories so as to focus on the precise discovery necessary. By narrowing the requests, Defendant should be able to produce the proper PMK(s).

Accordingly, pursuant to the discussion at the hearing, the Court ORDERS the parties to further meet and confer to narrow the categories at issue. Insofar as Defendant requests that the

1  Court set a specific notice period, the Court declines to do so because the reasonableness of the
2  notice will depend on the success of the parties in sufficiently narrowing the categories.[1]
3      Defendant's motion is therefore DENIED AS MOOT.

5   IT IS SO ORDERED.
6   **Dated:   December 15, 2009**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Without ordering a specific time requirement, the Court suggested at the hearing that 21 days' notice would likely be reasonable. Plaintiff also indicated that if Defendant agreed to produce a PMK, he would be willing to work with Defendant on the timing issue.

4