# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONTE TUMBLING, | 1:08cv1801 LJO DLB |
| Plaintiff, | ORDER TAKING MOTION FOR DETERMINATION OF CONFIDENTIAL DESIGNATION OF DEPOSITION TESTIMONY UNDER AGREED PROTECTIVE ORDER |
| v. | OFF CALENDAR WITHOUT PREJUDICE |
| MERCED IRRIGATION DISTRICT, | (Documents 54, 56) |
| Defendant. | |

Defendant Merced Irrigation District ("Defendant" or "MID") filed the instant motion for determination of confidential designation of Robert Blum's deposition testimony on December 23, 2009. The matter was heard on January 15, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Matthew Racine appeared telephonically on behalf of Defendant. Lawrence Murray appeared telephonically on behalf of Plaintiff LaMonte Tumbling ("Plaintiff").

## RELEVANT FACTUAL BACKGROUND

Plaintiff filed the instant employment discrimination action on November 21, 2008, against MID. The complaint states causes of action under Title VII, California's Fair Housing and Employment Act and other federal and state statutes based mainly on allegations of race and gender discrimination.

On May 5, 2009, pursuant to the parties' stipulation, the Court entered a protective order ("Protective Order"). In part, the Protective Order permits a party to designate any personnel,

1

1  private or confidential information involving a former or current MID employee or applicant for
2  employment as Confidential-Attorney/Expert Eyes Only.  Protective Order ¶1(b).
3       On November 16 and 17, 2009, Plaintiff deposed Robert Blum, MID's Director of
4  Administrative Services.  During the deposition, counsel for the parties discussed on the record
5  issues related to designation of the transcript as confidential.
6       On November 25, 2009, defense counsel wrote to Plaintiff's counsel regarding
7  confidentiality of the transcript.  Defense counsel asserted its belief that the confidentiality
8  designation on the record at Mr. Blum's deposition was sufficient and requested that Plaintiff's
9  counsel treat all information related to "third-party MID employee witnesses" as
10 "CONFIDENTIAL - ATTORNEY/EXPERT EYES ONLY" under the Protective Order.  Exhibit
11 C to Declaration of Matthew T. Racine ("Racine Dec.").
12      On December 3, 2009, Plaintiff's counsel responded and objected to the confidentiality
13 designation, contending it was a blanket assertion without basis and was untimely. Exhibit D to
14 Racine Dec.
15      On December 9, 2009, defense counsel wrote to Plaintiff's counsel regarding the
16 designation.  Defense counsel asserted that the Protective Order permitted designation by the
17 method used at Mr. Blum's deposition.  Defense counsel also proposed the following resolution:

> We will go through Mr. Blum's transcript once it is finalized and
> certified by the court reporter and list all portions we believe are
> confidential because they are "dealing with personnel action
> involving third party employees."  We will then provide you with
> that list.  Once you receive that list, we could meet and confer
> regarding any portions of the transcript you continue to believe are
> not entitled to protection under the Order.

Exhibit E to Racine Dec.

Plaintiff's counsel responded on December 11, 2009, contending that the Protective Order required counsel to designate the portions of the transcript for which protection was sought before the end of the deposition.  Plaintiff's counsel claimed that to invoke the order, defense counsel "should have said that the statements dealing with a particular employee and particular actions were evoked."  Exhibit F to Racine Dec.

On December 21, 2009, defense counsel e-mailed Plaintiff's counsel. The e-mail attached a rough copy of Mr. Blum's transcript with portions highlighted that counsel believed were entitled to protection under the Protective Order. Defense counsel asked Plaintiff's counsel if it was agreeable to designate the protected portions of the transcript by highlighting. Exhibit G to Racine Dec. Plaintiff's counsel did not respond.

On December 23, 2009, defense counsel filed the instant motion for determination of confidential designation of Mr. Blum's deposition testimony.

On January 8, 2010, the parties filed a joint statement of discovery dispute.

## DISCUSSION

A.  Protective Order

In relevant part, the Protective Order provides:

1.  (a) Any party may designate as "CONFIDENTIAL" any documents, discovery responses, electronic data, deposition transcripts, exhibits or other materials produced or generated in this matter that it reasonably believes qualify for protection under standards developed under Federal Rule of Civil Procedure 26 (c) and orders of the court herein.

    (b) Further, subject to the same standards set forth in paragraph 1(a), Either party may designate as "CONFIDENTIAL - ATTORNEY/EXPERT EYES ONLY" any documents, discovery responses, electronic data, transcripts, exhibits or other materials of: (a) any Merced Irrigation District current or former employee including, but not limited to, his or her personnel file; (b) any harassment, discrimination, workplace violence and/or retaliation complaint or investigation by or against the Merced Irrigation District involving any of its former or current employees; or, (iii) any other confidential personnel, private or confidential information involving a former or current Merced Irrigation District employee or applicant for employment. Documents and information so designated as "CONFIDENTIAL-ATTORNEY/EXPERT EYES ONLY" shall not be disclosed to persons other than those described in Paragraph 4, infra, subsections (a), (b), (d), (e), (g) and (h);
    ...

2.  Parties will exercise restraint and care in designating materials for protection.

    (a) Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those specific parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

>> (b) Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) are prohibited.
> ...
>
> 3. Designations in conformity with this Order may be made as follows:
> ...
>> (c) for testimony given in deposition or other proceeding, by identifying on the record, before the close of the proceeding, all testimony that is considered "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY/EXPERT EYES ONLY"....

Protective Order ¶¶ 1-3. The parties disagree as to whether or not Defendant properly designated portions of Mr. Blum's deposition testimony as confidential. The parties seek sanctions against each other.

B.   <u>Analysis</u>

A request for protection of the entire transcript of Robert Blum's deposition testimony as confidential is overbroad. As discussed at the hearing, within ten (10) days, Defendant shall specifically designate, by page and line number, the portions of Mr. Blum's testimony it contends are properly subject to the Protective Order and the reasons for that contention. Following Defendant's designation, Plaintiff shall have ten (10) days to submit written objections. By so doing, the parties should be able to determine if they disagree as to whether or not certain portions of Mr. Blum's deposition testimony are confidential under the Protective Order.

Accordingly, pursuant to the discussion at the hearing, the Court ORDERS Defendant's motion OFF CALENDAR without prejudice to renewal if the parties are unable to reach an agreement.

IT IS SO ORDERED.

Dated:   **January 15, 2010**          **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE