**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAMONTE TUMBLING, | ) | 1:08cv1801 LJO DLB |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE PROTECTIVE ORDER FILED ON OCTOBER 13, 2009, PROHIBITING PLAINTIFF FROM SEEKING DISCOVERY RELATING TO THE PERSONNEL FILE OF BELINDA ALMEIDA/DELEON |
| Plaintiff, | ) | |
| v. | ) | |
| MERCED IRRIGATION DISTRICT, | ) | |
| | ) | (Documents 67, 72) |
| Defendant. | ) | |

On February 22, 2010, Plaintiff LaMonte Tumbling ("Plaintiff") filed the instant motion to modify the Court's order of October 13, 2009, which prohibited Plaintiff from seeking discovery relating to the personnel file of Belinda Almeida/DeLeon. On March 12, 2010, the parties filed a joint statement of discovery dispute. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the March 19, 2010 hearing.

**BACKGROUND**

Plaintiff filed the instant employment discrimination action on November 21, 2008, against Defendant Merced Irrigation District ("MID"). The complaint states causes of action under Title VII, California's Fair Housing and Employment Act and other federal and state statutes based mainly on allegations of race and gender discrimination.

1

1  On May 12, 2009, as part of his initial disclosures, Plaintiff produced a November 15, 2008, videotaped interview of Belinda Almeida ("Almeida"). In the interview, Almeida reportedly complained of suffering from a hostile and discriminatory work environment.

On October 6, 2009, Almeida was terminated from employment at MID. Exhibit H and J to Declaration of Lawrence Murray ("Murray Dec.").

On October 13, 2009, the Court issued an order limiting the scope of Plaintiff's discovery requests. The Court found that the personnel file of Belinda Almeida/DeLeon was not relevant to a claim or defense and granted MID a protective order.

Non-expert discovery closed on October 30, 2009.

On November 11, 2009, Plaintiff filed a motion to modify the Court's October 13, 2009 protective order. Plaintiff asserted that there was good cause to allow him discovery into allegations of an affair between MID employees Mike Higgins and Veronica Cavazos.

On November 17, 2009, Plaintiff's counsel conducted the deposition of Robert Blum and attempted to ask questions regarding Almeida's termination. Defense counsel instructed Blum not to answer based on the Court's October 13, 2009 order.

On November 30, 2009, Almeida signed a declaration in support of Plaintiff's efforts to modify the Court's protective order regarding the alleged relationship between Higgins and Cavazos. Exhibit G to Murray Dec. The Court denied the motion on January 11, 2010.

With the exception of three depositions (Trudy Largent, Cindy LaCava and Jem Brown), non-expert depositions were to be completed by February 15, 2010.

On February 22, 2010, after the deadline for completion of non-expert discovery and the majority of non-expert depositions, Plaintiff filed the instant motion to modify the Court's protective order and permit questioning into the termination of Almeida.

On March 12, 2010, the parties filed a joint statement of discovery dispute.

## DISCUSSION

A.  Legal Standard

A district court has the power to modify or lift a protective order that it has entered. Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc., 62 F.3d 1217, 1219

1  (9th Cir. 1995). The issue is left to the sound discretion of the trial court. See, e.g., In re
2  Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 101 F.R.D. 34, 40-
3  41 (C.D.Cal. 1984); see also Beckman Industries, Inc. v. Int'l Ins. Co., 966 F.2d 470, 474 (9th
4  Cir. 1992) (request to modify a protective order reviewed for abuse of discretion).

5      The parties both agree that there must be good cause shown before a protective order can
6  be vacated. Murata Mfg. Co., Ltd. v. Bel Fuse, Inc., 234 F.R.D. 175, 179 (N.D.Ill. 2006) ("It
7  should be no surprise that, there having been good cause to enter the protective order in the first
8  place, there must be good cause shown before it can be vacated"). The party seeking to vacate or
9  modify the protective order bears the burden to demonstrate good cause. Id.

10     In this instance, the parties have identified multiple (and different) factors that courts
11 consider in determining good cause. For example, MID indicates that some courts consider: (1)
12 the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of
13 the modification requested, (3) the parties' reliance on the order; and most significantly (4)
14 whether good cause exists for the modification. Murata, 234 F.R.D. at 179 (citing Bayer AG and
15 Miles, Inc. v. Barr Laboratories, Inc., 162 F.R.D. 456, 460 (S.D.N.Y. 1995)).

16     Plaintiff notes that some courts consider: (1) the extent of reliance on the order; (2) the
17 public and private interests affected; (3) the moving party's consent to submit to the terms; (4)
18 reasons for issuing the order and any new information; and (5) the burden created for others
19 seeking information relevant to other litigation. Pansy v. Borough of Stroudsberg, 23 F.3d 772,
20 790 (3d Cir. 1994). Plaintiff also cites Bayer.

21 B.    <u>Analysis</u>

22     Plaintiff contends that the Court's protective order was limited to Plaintiff's request for
23 the contents of Almeida's personnel file, but did not prohibit all discovery into Almeida's
24 employment and termination. In its Order, the Court stated:

25     Plaintiff's complaint contains no identifiable allegations involving Belinda
    Almeida/DeLeon. At oral argument, Plaintiff contended that Higgins forced him to hire
26     Almeida/DeLeon, but failed to link her with any alleged discrimination against him.
    Plaintiff admitted that Almeida/DeLeon was hired as his subordinate. As such, the Court
27     find[s] that the personnel file of Almeida/DeLeon is not relevant to a claim or defense
    and MID's request for protective order is GRANTED.
28

October 13, 2009 Order, p. 10.  In granting the protective order, the Court "prohibited Plaintiff's wholesale inquiry into personnel information about third-party employees and former employees" and applied the limitations to Plaintiff's request for production of documents.  Order, p. 16.  For instance, the Court prohibited discovery of documents or communications: (1) demonstrating Almeida's pay; (2) her job descriptions; and (3) any of her job performance reviews or evaluations.  At the time of the hearing on the protective order, Almeida was still employed by MID.

Plaintiff now wants the Court to instruct Defendant to respond to questions regarding Almeida's termination for the "narrow purpose of assessing whether her termination was the result of retaliation or a motive to silence other employees from speaking out against MID's corporate culture and assisting Plaintiff in the conducting of discovery."  Joint Statement, p. 9.

Plaintiff's request is untimely.  Plaintiff waited more than 3 months after Robert Blum's deposition to bring the instant motion.  Plaintiff also waited until after the non-expert discovery and deposition deadlines to bring this motion.  No explanation for the delay is provided.

Furthermore, although the Court's order did not expressly prohibit deposition questioning, the rationale for denying such discovery was equally applicable.  To the extent that Plaintiff now claims Almeida was terminated in retaliation for her assistance with this action, any alleged retaliation is relevant to Almeida, not to Plaintiff's claims of discrimination and retaliation occurring prior to June 27, 2007.

Plaintiff alternatively argues that even if the protective order extended to Almeida's termination, there is good cause to modify the order.  Plaintiff seeks "to assess the potential ulterior motive of [MID] to threaten, warn, and scare other employees from engaging in similar practices and speaking out against injustice or assisting Plaintiff in conducting discovery."  Joint Statement, p. 18.  Plaintiff argues that the chilling effect is obvious as "the repercussions for providing truthful and helpful information to Plaintiff will be met with punishment and the potential loss of employment."  Joint Statement, p. 18.

Setting aside the untimely nature of the motion, Plaintiff's argument is unpersuasive. Plaintiff taped the interview with Almeida in November 2008.  Blum testified under oath on

1 November 17, 2009, after Almeida's termination, that he never received or reviewed a disc with
2 an audio statement by Almeida, and he did not ever become aware that Almeida gave a statement
3 used by Plaintiff in any proceeding.  Exhibit B to Declaration of Matthew Racine.  Further,
4 Almeida signed the supporting declaration in this action on November 30, 2009, which was *after*
5 she received notice on September 28, 2009, that MID intended to terminate her employment, and
6 *after* she was terminated.  Exhibit H to Murray Dec.  In addition, the parties began formal
7 discovery in March 2009, before Almeida's termination.  Plaintiff does not identify any
8 employees that would not speak out or assist Plaintiff with discovery or why such discovery
9 could not be obtained prior to Almeida's termination in October 2009.  Plaintiff also provides no
10 evidence that other MID employees were aware of Almeida's role in this action.  Accordingly,
11 the Court does not find good cause to modify the protective order.

## CONCLUSION

Based on the above, Plaintiff's motion to modify the October 13, 2009, order is DENIED.

IT IS SO ORDERED.

Dated:    **March 23, 2010**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

5