UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaMONTE TUMBLING,<br><br>             Plaintiff,<br><br>     vs.<br><br>MERCED IRRIGATION DISTRICT,<br><br>             Defendant.<br>_____ | CASE NO. CV F 08-1801 LJO DLB<br><br>**ORDER ON MOTION FOR RECONSIDERATION** (Doc. 80) |
| RODRIGO FLORES,<br><br>             Plaintiff,<br><br>     vs.<br><br>MERCED IRRIGATION DISTRICT,<br><br>             Defendant.<br>_____ / | CASE NO. CV F 09-1529 LJO DLB<br><br>**ORDER ON MOTION FOR RECONSIDERATION** (Doc. 28) |

### INTRODUCTION

Plaintiffs LaMonte Tumbling ("Mr. Tumbling") and Rodrigo Flores ("Mr. Flores") (collectively "Plaintiffs") jointly move for reconsideration of United States Magistrate Judge Dennis L. Beck's March 30, 2010 order to deny Plaintiffs' joint motion to consolidate their cases ("March 30 Order") pursuant to Local Rule 303(c).  For the foregoing reasons, this Court DENIES Plaintiffs' joint motion for reconsideration.

# BACKGROUND[1]

## *Tumbling* action

Mr. Tumbling, an African-American male, alleges that his employer, defendant Merced Irrigation District ("MID") discriminated against him on the basis of his race and gender.

MID employed Mr. Tumbling in January 1995 as a Water Order Clerk. He was promoted to Irrigation Order Supervisor then to Customer Service Supervisor. Mr. Tumbling received outstanding performance reviews from 1995 through 2005, and was MID's "Supervisor of the Year" in 2005.

Mr. Tumbling alleges that his supervisor, Mike Higgins ("Mr. Higgins") promoted Mr. Tumbling to the Customer Service Supervisor position for the purpose of promoting a woman, identified in the complaint as "V.", to Mr. Tumbling's former position. When V. was hired as an MID employee in 2004, Mr. Higgins alleged took her "under his wing" and began training her to be the Control Room Supervisor. In addition, Mr. Tumbling alleges a romantic relationship between Mr. Higgins and V. In May 2004, Mr. Tumbling observed Mr. Higgins touching V. in a sexual manner. In September 2004, Mr. Higgins thwarted Mr. Tumbling's attempts to enter the control room twice. Mr. Tumbling's reports of the incidents were ignored, and Mr. Higgins threatened that he would demote Mr. Tumbling.

Mr. Tumbling alleges that MID promoted female employees for reasons other than performance and qualifications; to wit, flirtation and flattery. In addition to V.'s promotion based on her alleged affair with Mr. Higgins, Mr. Tumbling alleges that two other females were paid a higher salary than men for their positions. In March 2006, MID demoted Mr. Tumbling while retaining his pay grade at level 20. At the same time, MID promoted Cindy LaCava to Mr. Tumbling's position, and paid her at a level 22 for Mr. Tumbling's former position. Mr. Tumbling's former assistant Janet Hughes ("Ms. Hughes") was also promoted and received a pay increase. Mr. Tumbling was eventually demoted to the position of Weed Sprayer in June 2007. He has received no pay increase since 2007.

In addition to gender and race discrimination, Mr. Tumbling alleges that he was demoted because he reported an alleged theft of water by a member of MID's board of directors.

---

[1] The March 30 Order details the allegations of each complaint. *See* March 30 Order, pp. 2-6. For purposes of this motion, the Court presents a condensed version of the allegations.

1    Mr. Tumbling initiated his action on November 21, 2008. Mr. Tumbling asserts seven causes
2 of action against MID: (1) race and gender discrimination under Title VII, 28 U.S.C. §2000 et seq; (2)
3 race an gender discrimination under California's Fair Employment and Housing Act ("FEHA"), Cal.
4 Gov. Code §12940 et seq.; (3) retaliation under VII; (4) retaliation under FEHA; (5) failure to prevent
5 under FEHA; (6) whistleblower retaliation under Cal. Labor Code §1102.5 et seq.; and (7) race
6 discrimination under 42 U.S.C. §1981. With the exception of certain depositions, non-expert discovery
7 closed on October 30, 2009. A jury trial is scheduled to begin on January 11, 2011.

### *Flores* action

9    Mr. Flores, a Hispanic man, also alleges that he experienced race discrimination at MID. MID
10 employed Mr. Flores, a Hispanic male, in 1993. While employed at MID, Mr. Flores earned a Bachelor
11 of Science degree in Business and a Masters of Business Administration degree. Although Mr. Flores
12 sought to be promoted, MID repeatedly refused to promote Mr. Flores, despite his qualifications. Mr.
13 Flores alleges that MID denied Mr. Flores' promotion attempts because MID has a making "promotional
14 decisions...based on factors unrelated to qualifications, specifically race, gender, how physically
15 attractive a person is, and whether they flirt with managers."

16    Mr. Flores alleges that MID retaliated against him for failing to protect Mr. Higgins' girlfriend,
17 who was employed at MID. In October 2005, Mr. Flores witnessed Veronica Cavazos ("Ms. Cavazos")
18 come to work intoxicated. Mr. Higgins "questioned Plaintiffs Flores' manhood" because Mr. Flores
19 failed to notify Mr. Higgins that Ms. Cavazos was intoxicated at work. Mr. Higgins told Mr. Flores that
20 "real men take care of women" and "next time you better call me or she could get fired." As a result of
21 this "sexual harassment and sexual favoritism," MID suspended Mr. Flores for two days, in May 2006.

22    Mr. Flores asserts that MID upper management "who are almost all white males, have
23 surrounded themselves with other white males, and more importantly, attractive white and light skinned
24 Hispanic females, without regard to job qualifications." To exemplify this assertion, Mr. Flores points
25 out that Mr. Tumbling, an African American male, was demoted whereas Ms. Hughes, a white woman,
26 was promoted.

27    Mr. Flores contends that MID failed to promote him on two occasions. In August 2008, Mr.

1  Flores applied for the open positions of Major Accounts Representative and Business Development
2  Representative.  Although MID interviewed Mr. Flores, MID hired two inexperience white males for
3  the positions.  In addition to Mr. Flores, MID rejected an African American male candidate who had
4  applied for the positions.  Mr. Flores was told that he was not selected because he was not a "team
5  player," though this was not a stated qualification for either position.  After this rejection, Mr. Flores
6  applied for a second position–an inside position providing resources and supplies to employees.  On
7  August 13, 2009, MID informed Mr. Flores that it withdrew the announcement and it would not fill the
8  position.

9  Mr. Flores initiated his action on August 27, 2009 against MID, MID General Manager Dan Pope
10 and MID head of human resources Robert Blum. Non-expert discovery will close in less than a month,
11 on April 30, 2010, expert discovery cuts off on July 19, 2010.  A jury trial is scheduled to begin on
12 March 7, 2011.

### Motion to Consolidate

Plaintiffs, represented by the same counsel, moved to consolidate the *Tumbling* and *Flores* actions on February 2, 2010.  After a hearing on the motion, the magistrate judge denied the joint motion to consolidate.  In denying the motion to consolidate, the court ruled:

> While there may be a common issue as to the corporate culture at MID and some overlapping discovery of documents and deposition testimony, the individual facts surrounding each Plaintiff's claims vary widely....There will be different witnesses and different testimony as to the individual claims....The Court therefore finds that the individual evidence and acts appear to outweigh any savings in time or effort by consolidation.
>
> Further, even if there are some common questions of law or fact, consolidation would create potential juror confusion and prejudice to defendants...Here, the discriminatory acts complained of are unrelated, ocurred at different times and involved different witnesses....As such, consolidation may confuse the jury as to what evidence and testimony may be considered as proof of a discriminatory act as to each Plaintiff and result in prejudice to the individual defendants.

March 30 Order, pp. 8-9.

Plaintiffs moved for reconsideration of the March 30 Order.  This Court finds this motion suitable for a decision without opposition or a hearing pursuant to Local Rule 303, and issues the following order.

4

## STANDARD OF REVIEW

Pursuant to Local Rule 303(f), this Court uses the "'clearly erroneous or contrary to law' standard as set forth in 28 U.S.C. §636(b)(1)(A)" to reconsider a magistrate judge's ruling. *See also*, Fed. R. Civ. P. 72(a) (a district judge may modify or set aside a magistrate judge's order if it is "clearly erroneous or contrary to the law"). Though motions for reconsideration are generally disfavored, a motion to reconsider is appropriate if the court committed clear error or the initial decision was manifestly unjust. *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce a court to reverse its prior decision. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 565, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1997). This Court considers the magistrate judge's ruling clearly erroneous if it "is left with a definite and firm conviction that a mistake has been committed." *R.B., ex. rel. F.B. v. Napa Valley Unif. Sch. Dist.*, 496 F.3d 932, 943 (9th Cir. 2007).

## DISCUSSION

Plaintiffs moved to consolidate the *Tumbling* and *Flores* actions for trial. "If actions before the court involve a common question of law or fact, the court may consolidate the actions." Fed. R. Civ. P. 42(a)(2). A court has "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). In considering a motion to consolidate actions, a court, among other things, "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984). The magistrate judge correctly considered the appropriate factors, including:

> [W]hether the specific risks of prejudice and possible confusion [are] overcome by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense of all concerned of the single-trial, multiple-trial alternatives.

March 30 Order, 7 (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2nd Cir.), *cert. denied*, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990)).

Plaintiffs seek reconsideration of the March 30 Order to deny consolidation on two grounds. First, Plaintiffs contend that the Magistrate Judge erred, because he misapplied relevant case law. Plaintiffs argue that case law allows the admission of other employees' discriminatory experiences with a defendant to establish whether an adverse employment action was motivated by intentional discrimination or bias.[2] Because evidence of each plaintiff's discriminatory experience and adverse employment action is admissible to support the other plaintiff's discrimination claims, Plaintiffs assert that the magistrate judge's conclusion that a consolidated trial would cause unfair bias to defendants was erroneous. Second, Plaintiffs argue that the Magistrate Judge misapplied the law to conclude that the facts are unrelated, since others' experiences of race discrimination demonstrate bias and a "climate" of racial discrimination.[3] Plaintiffs conclude that "the benefits of consolidating these two cases would clearly serve the interests of justice by increasing judicial efficiency, avoid duplicative evidence, procedures, and inconsistent adjudications, preclude waste, avoid inconsistent findings by two separate juries, and alleviate the potential for excessive costs and burdens to the Court an all parties involved." For the following reasons, this Court finds Plaintiffs' arguments unavailing.

The questions of fact in the *Tumbling* and *Flores* actions are not as common as Plaintiffs maintain. The only common question of fact relates to Plaintiffs' common assertion that there is a "climate of racial discrimination" at MID. The Magistrate Judge correctly pointed out, however, that the individual facts that form the basis for each plaintiff's claims "vary widely." Plaintiffs belong to different protected classes. The adverse actions allegedly taken against each plaintiff was different, as Mr. Tumbling alleges demotion while Mr. Flores alleges a failure to promote. MID allegedly retaliated against each plaintiff in a different way and for differing reasons. The individual defendants are different, and different people allegedly discriminated against each plaintiff. The time frames are different. Thus, the common question of fact is not a substantial part of either complaint.

---

[2] Plaintiffs' position relies on the assertion that plaintiffs have a right to admit evidence of other acts at trial to establish their claims. This question is unsettled, and has not been considered under the Federal Rules of Evidence. Plaintiffs' motion for reconsideration reads as a motion in limine, while ignoring the applicable standards and rules.

[3] This was a conclusion of fact, not a conclusion of law.

Similarly, the legal claims asserted by Mr. Tumbling and Mr. Flores are not identical.  While both Plaintiffs assert race discrimination and retaliation claims under Title VII and FEHA, Mr. Tumbling asserts additional claims for gender discrimination and whistleblower retaliation.  Moreover, because the standards as set forth for discrimination claims are fact intensive,[4] the common question of law does not promote judicial efficiency to the extent Plaintiffs suggest.  Based on these considerations, the Magistrate Judge did not err to deny Plaintiffs' motion, because "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J.1998).

Plaintiffs emphasize that consolidation of the actions for trial would conserve resources; however, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial[.]." *Johnson*, 899 F.2d at 1285.  Because the individual facts of each case vary so widely, as set forth above, the magistrate judge did not err to conclude that consolidation would create juror confusion or prejudice to defendants.  To establish individual claims at trial, each plaintiff will require different witnesses and different testimony.  Common facts do not predominate Plaintiffs' allegations or claims.  In addition, Plaintiffs assert different types of discrimination based on different adverse actions.  This Court agrees that based on these facts and Plaintiffs' claims, the potential for juror confusion and bias against the defendants outweighs any judicial economy that consolidation would promote.

Additional considerations support the Magistrate Judge's ruling.  Factors such as differing trial dates or stages of discovery usually weigh against consolidation. 9 Wright & Miller, Federal Practice and Procedure § 2383 (2006).  Separate trial dates, differing stages of discovery, and Plaintiffs' delay in raising this motion all support the March 30 Order to deny Plaintiffs' motion to consolidate.  This is particularly applicable where, as here, Plaintiffs raised this motion six months after the second action

---

[4] *See, McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), and reaffirmed in *St Mary's Honor Center v. Hicks & Co.*, 509 U.S. 502, 113 S.Ct. 2742(1993).; *see also*, *Caldwell v. Paramount Uni. Sch. Distr.*, 41 Cal. App. 4th 189, 200 (1995) (applying a *McDonnell Douglas* analysis to discrimination under California's FEHA).

7

1 was filed, and after non-expert discovery closed in the first action. For these additional reasons,
2 consolidation of the actions for trial would be inappropriate.

### CONCLUSION

For the foregoing reasons, this Court DENIES Plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

**Dated:   April 1, 2010**                          /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE

8