# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LAMONTE TUMBLING, | ) 1:08cv1801 LJO DLB |
|---|---|
| Plaintiff, | ) ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO SEAL DOCUMENTS FILED BY PLAINTIFF AT DOCKET NO. 72-2 |
| v. | ) (Document 74) |
| MERCED IRRIGATION DISTRICT, | ) |
| Defendant. | ) |

On March 15, 2010, Defendant Merced Irrigation District ("Defendant" or "MID") filed the instant motion for protective to seal documents filed by Plaintiff LaMonte Tumbling ("Plaintiff"). The matter was heard on April 16, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Matthew Racine appeared telephonically on behalf of MID. Robert Strickland appeared telephonically on behalf of Plaintiff.

## **BACKGROUND**

Plaintiff filed the instant employment discrimination action on November 21, 2008. In April or May 2009, as part of his initial disclosures, Plaintiff produced a November 15, 2008, videotaped interview of then MID employee Belinda Almeida ("Almeida").

On May 5, 2009, the Court granted a stipulated protective order governing certain confidential information, including confidential personnel or private information involving MID employees.

1    On October 13, 2009, the Court issued an order limiting the scope of Plaintiff's discovery
2 requests. The Court found that the personnel file of Almeida was not relevant to a claim or
3 defense and granted MID a protective order.
4    Almeida was terminated from MID employment on October 30, 2009.
5    On November 11, 2009, Plaintiff filed a motion to modify the Court's protective order to
6 allow him discovery into allegations of an affair between MID employees Mike Higgins and
7 Veronica Cavazos. Plaintiff submitted a declaration from Almeida in support of his efforts to
8 modify the protective order. Exhibit B to Declaration of Lawrence Murray ("Murray Dec.").
9 The Court denied the motion on January 11, 2010.
10   On February 22, 2010, Plaintiff filed another motion to modify the Court's protective
11 order. This time, Plaintiff wanted the Court to permit questioning into Almeida's termination.
12 As part of the joint statement, Plaintiff submitted a copy of Almeida's videotaped interview,
13 along with a transcript of the interview. Exhibits C and D to Doc. 72-2. The Court denied the
14 motion without a hearing.
15   On March 15, 2010, MID filed the instant motion for protective order to seal the copy of
16 Almeida's videotaped interview and related transcript (Exhibits C and D to Document 72-2) filed
17 in conjunction with Plaintiff's February 22 motion.
18   On April 9, 2010, the parties filed a joint statement of discovery dispute.

**DISCUSSION**

A.   Legal Standard

The parties dispute the relevant legal standard. Plaintiff argues that MID must demonstrate a "compelling reason" to seal the transcript and videotaped interview. A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). In the Ninth Circuit, there is a strong presumption in favor of access to court records. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records). The right to access is not absolute and can be overridden where there are sufficiently compelling reasons. Id.

2

MID counters that it need only demonstrate "good cause" to seal documents submitted with a non-dispositive motion. Per MID, the party seeking to seal a document related to a non-dispositive motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c). Foltz, 331 F.3d at 1135; see also Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (noting differing treatment of judicial records attached to dispositive motions versus those attached to non-dispositive motions). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (citation and internal quotations omitted).

Plaintiff correctly responds that the "good cause" standard of review has been applied in situations where "a party attaches a sealed discovery document to a *nondispositive* motion. . . ." See, e.g., Foltz, 331 F.3d at 1135 (emphasis in original); see also Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002) (discussing public right to access of newspaper to exhibit); Kamakana, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."). Here, Plaintiff notes that the interview and transcript at issue were not sealed (or even designated confidential) before being filed with the nondispositive motion and thus MID must demonstrate compelling reasons. To have been sealed in the first instance, however, the discovery material would have to meet the "good cause" standard of Rule 26(c). Foltz, 331 F.3d at 1135.

Courts in this district have applied the "good cause" standard where a party seeks to seal a document related a non-dispositive motion, without consideration of whether the document was already subject to a sealing order. See, e.g.,U.S. E.E.O.C. v. ABM Industries Inc., 2010 WL 582049, *1 (E.D.Cal. Feb. 12, 2010) ("The party seeking to seal a document related to a non-dispositive motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c)."); Campbell v. PricewaterhouseCoopers, LLP, 2009 WL 839909, *1 (E.D.Cal. Mar. 30, 2009) ("For records attached to nondispositive motions, a motion to seal may be granted

3

on a showing of "good cause" under Fed.R.Civ.P. 26(c)."). In this case, MID has not met even the "good cause" standard.

B.     Analysis

The Almeida interview contains information regarding an alleged affair between Higgins and Cavazos and includes certain "salacious" details. Joint Statement, p. 11; Exhibit D at 5:11-15. Additionally, the interview recounts Almeida's interaction with Higgins and Cavazos.

MID contends that the right to access may be restricted to insure that court records are not "used to gratify private spite or promote public scandal" or to prevent the court's files from serving "as reservoirs of libelous statements for press consumption." Nixon, 435 U.S. at 1312. MID argues that because the information in the interview is irrelevant to Plaintiff's claims, filing a copy serves no purpose other than to gratify spite and promote scandal. To support this argument, MID essentially contends that (1) the Court already has determined that allegations of an affair are irrelevant to this case; (2) the Court granted a protective order precluding discovery regarding an alleged sexual relationship between Higgins and Cavazos; and (3) the Court determined that discovery or deposition questioning about personnel actions involving Almeida are irrelevant to Plaintiff's claims and the interview was of no assistance to the Court's decision on the February 22 motion.

While the contents of the interview concerning an alleged relationship between Higgins and Cavazos may not be relevant to Plaintiff's claims, that is not the standard under Fed. R. Civ. P. 26. Moreover, there is no indication in the record that MID attempted to designate the interview contents as confidential under the existing protective order until Plaintiff sought to file it with the February 22, 2010, motion. Although the Court recognizes that the interview may contain certain passages that are more detailed than other documents filed in this case, the general content of Almeida's interview, an alleged affair between Cavazos and Higgins, has been asserted repeatedly by Plaintiff in case documents. There has been no attempt by MID to seek a protective order to seal those documents. MID fails to articulate or establish any factual basis for its assertions that Plaintiff submitted the Almeida interview for the sole purpose of public spite and to promote public scandal since Plaintiff has made such allegations since the inception of

this case. As such, MID has not demonstrated good cause for issuance of a protective order to seal the interview and transcript at issue.

## **CONCLUSION**

Based on the above, MID's motion for protective order to seal documents filed by Plaintiff at Docket No. 72-2 is DENIED.

IT IS SO ORDERED.

Dated:   **April 16, 2010**              /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE