# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONTE TUMBLING, | 1:08cv1801 LJO DLB |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION OF TREATING PHYSICIANS AND FOR SANCTION |
| v. | (Document 87) |
| MERCED IRRIGATION DISTRICT, | |
| Defendant. | |

Defendant Merced Irrigation District ("Defendant" or "MID") filed the instant motion to strike Plaintiff's expert designation of treating physicians and for sanctions on April 16, 2010. The matter was heard on May 7, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Matthew Racine appeared telephonically on behalf of Defendant. Robert Strickland appeared telephonically on behalf of Plaintiff LaMonte Tumbling ("Plaintiff").

## RELEVANT BACKGROUND

Plaintiff filed the instant employment discrimination action on November 21, 2008.

On March 25, 2009, the Court issued a scheduling conference order, which was later amended. With the exception of certain depositions, non-expert discovery closed on October 30, 2009. Initial expert disclosures were to be completed by March 19, 2010. Supplemental expert disclosures were to be completed by April 19, 2010. Expert discovery will close on May 14, 2010.

On March 19, 2010, Plaintiff served his expert witness disclosures. Plaintiff identified three (3) individuals specifically retained for the purpose of providing expert testimony at trial. He also identified three of his treating physicians, Dr. Hanimireddy Lakireddy, Dr. Isaac Kim and Dr. Charlie Kano. Exhibit E to Declaration of Matthew Racine ("Racine Dec.").

On March 26, 2010, MID served subpoenas for all of the expert treating physicians' medical records. Exhibit A to Declaration of Robert Strickland ("Strikland Dec.").

On April 15, 2010, Plaintiff requested that the subpoenas be withdrawn. MID refused, having received the requested medical records from Plaintiff's physicians. MID also objected to Plaintiff's designation of the treating physicians. Exhibits F and G to Racine Dec.; Exhibits B and C to Strickland Dec.

On April 16, 2010, MID noticed the depositions of Plaintiff's specially retained experts. Exhibit D to Strickland Dec. Plaintiff's counsel attempted to coordinate deposition dates and offered to extend the expert discovery deadline. MID did not agree to extend the deadline. Exhibits E and F to Strickland Dec.

On April 16, 2010, MID also filed the instant motion to strike Plaintiff's expert designation of treating physicians.

On April 21, 2010, Plaintiff received MID's supplemental expert witness disclosure, identifying four defense experts. On April 22, 2010, Plaintiff again offered to coordinate the deposition calendar and to continue the discovery deadline. MID declined to extend the deadline. Exhibits G, H and I to Strickland Dec.

On April 30, 2010, the parties filed a joint statement of discovery dispute.

## DISCUSSION

A.     Legal Standard

Federal Rule of Civil Procedure 26(a)(2) governs expert disclosure. Section (A) requires the disclosure of the "identity" of any person who may be used at trial to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). Section (B) requires the provision of a written report for witnesses "retained or specially employed to provide expert testimony. . . ." Fed. R. Civ. P. 26(a)(2)(B).

Treating physicians must be designated as experts if they are to provide expert testimony. Musser v. Genitva Health Services, 356 F.3d 751, 758 (7th Cir. 2004); Armatis v. Owens-Brockway Glass Container, Inc., 2010 WL 148692, *2 (E.D.Cal. Jan 14, 2010) ("a treating physician must be disclosed an as expert"); Redfoot v. B.F. Asher & Co., 2007 WL 1593239, *13 (N.D.Cal. June 1, 2007) ("Treating physicians must be identified as expert witnesses pursuant to Rule 26(a)(2)(A)."). However, "[a] treating physician, ... can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26(a), Advisory Committee Notes to 1993 Amendments.

B.  Analysis

Plaintiff identified his treating physicians in his expert witness disclosures. MID wants to strike the designation for two reasons. First, MID contends that Plaintiff should have disclosed his treating physicians with his initial disclosures in April 2009 (or his amended initial disclosures in May 2009) pursuant to Rule 26(a)(1). Rule 26(a)(1) applies to fact witnesses, which includes anyone "likely to have discoverable information ... that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff argues that there is a distinction between fact witnesses and expert witnesses and the timing of their respective disclosures. Plaintiff contends that treating physicians have been considered expert witnesses. Musser, 356 F.3d at 756; Fed. R. Civ. P. 26(a)(2)(A). Plaintiff asserts that he timely disclosed his treating physicians as expert witnesses and there is no requirement that they must be disclosed prior to the expert disclosure exchange.

MID asserts that treating physicians are routinely disclosed as fact witnesses and only later may a plaintiff choose to identify them as experts. MID cites Riordan v. Corp. of the Presiding Bishop of Church of Jesus Christ of Latter-Day Saints, 242 F.Supp.2d 635, 642 n.7 (W.D.Mo. 2003), for the proposition that Plaintiff should have identified his treating physicians in the initial disclosures. MID's citation is unhelpful. The Riordan court merely noted that the plaintiff had not identified certain persons as treating physicians in his mandatory initial disclosures, not that he was required to do so. Id.; cf. Gorton v. Todd, 2010 WL 234874, *1 (E.D.Cal. Jan. 14, 2010) (non-retained treating physician may testify regarding treatment where

not designated as expert); <u>Goodman</u>, 2009 WL 4827204, at *5 (treating physicians permitted to testify concerning care, but could not testify concerning cause of injuries because of failure to disclose expert reports; court permitted treating physicians to testify regarding causation to the extent that such opinions were disclosed in the medical records and notes).

Second, MID seeks to strike Plaintiff's treating physicians because Plaintiff failed to identify them in response to interrogatories. Specifically, MID propounded interrogatories on September 30, 2009. Interrogatory number 30 asked Plaintiff to "IDENTIFY each healthcare provider from whom YOU received any consultation, examination, or treatment for any injury YOU attribute to an adverse employment action." Plaintiff responded without objection, stating "None that I can recall at this time." Exhibit C to Racine Dec. MID contends that Plaintiff's response was either "materially incorrect or purposefully evasive." Joint Statement, p. 12.

Plaintiff does not address his failure to accurately respond to the interrogatories regarding treatment. Plaintiff also has not indicated that he supplemented his incorrect or inaccurate responses. MID asserts that Plaintiff's failure to timely disclose his treating physicians harms MID's ability to take advantage of non-expert discovery procedures to explore Plaintiff's claimed damages. MID also asserts that it does not have enough time to retain its own medical expert and move the court for a medical examination under Rule 35, because discovery closes on May 14, 2010.

The Court recognizes that the discovery procedures are designed to prevent what MID terms an "ambush." In this instance, given the interrogatory response regarding no recollection of any healthcare providers and then the subsequent disclosure of not one, but three treating physicians, there is a concern about the timing of disclosure and potential "ambush."

At the hearing, however, the parties indicated to the Court that the medical records from Plaintiff's treating physicians did not appear to be inconsistent with Plaintiff's deposition testimony. According to MID, at least one of the physicians reportedly did not even have any medical records. Provided that the medical records are consistent with Plaintiff's deposition testimony, MID's motion to strike the designation of Plaintiff's treating physician is DENIED. As noted at the hearing, the parties are directed to discuss, among other issues, the anticipated

testimony of the treating physicians to determine if it may be cumulative, if it is necessary for MID to depose all three physicians and if the scheduling order should be amended to allow completion of the depositions.

## CONCLUSION

Based on the above, Defendant's motion to strike is DENIED.


IT IS SO ORDERED.

    **Dated:**   **May 7, 2010**              **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE