1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAMONTE TUMBLING, | ) | 1:08cv1801 LJO DLB |
| | ) | |
| | ) | **ORDER REGARDING DEFENDANT'S** |
| | ) | **MOTION FOR SANCTIONS TO EXCLUDE** |
| Plaintiff, | ) | **TESTIMONY OF CONNIE PERAINO FROM** |
| | ) | **TRIAL** |
| v. | ) | (Document 120) |
| | ) | |
| MERCED IRRIGATION DISTRICT, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On October 6, 2010, Defendant Merced Irrigation District ("MID") filed the instant

motion for evidentiary sanctions to prevent introduction of testimony from Connie Peraino at

trial in this matter.  On October 15, 2010, Plaintiff LaMonte Tumbling ("Plaintiff") filed his

opposition.  MID filed a reply on October 18, 2010.  The Court deemed the matter suitable for

decision without oral argument pursuant to Local Rule 230(g) and vacated the October 22, 2010

hearing.

## **BACKGROUND**

Plaintiff filed the instant employment discrimination action against MID on November

21, 2008.  Pursuant to a Scheduling Order, non-expert discovery closed on February 15, 2010.

On July 22, 2010, MID filed a motion for summary judgment.

On August 9, 2010, Plaintiff served MID with his Second Amended Initial Disclosures in which he identified Connie Peraino, a former MID employee, as a witness in support of his case-in-chief.  Plaintiff also served MID with a copy of Ms. Peraino's declaration ("Peraino Declaration"), which was dated August 7, 2010.  In the declaration, Ms. Peraino reported that on occasions during her employment at MID she heard Jem Brown use racially charged language, including the word "nigger."  She also indicated that other employees, supervisors and managers would occasionally use the word "nigger" in the office environment and it seemed to be an accepted practice.  Peraino Declaration at ¶¶ 4-5.

On August 31, 2010, Plaintiff included the Peraino Declaration in opposition to MID's motion for summary judgment.  (Doc. 11-8).  MID filed objections and sought an order pursuant to Fed. R. Civ. P. 37 prohibiting the admission of the Peraino Declaration due to untimely disclosure.

On September 27, 2010, the Court issued its order on MID's motion for summary judgment.  (Doc. 119).  As to the parties' objections, the Court stated as follows:

> The parties have filed numerous objections to the evidence submitted by the opposing side. The court has not relied on any of the disputed evidence to grant or to deny summary judgment. Where the Court has denied summary judgment as to the claims, the Court found triable issues exist regarding the employment decisions. The Court has granted summary judgment as to the statute of limitations because plaintiff failed to meet his burden under either claim, as explained in the body of the order. **To the extent that the court may have considered some of the disputed evidence in finding that triable issues exist regarding the claims, the objections are OVERRULED.** Further, the court is not obligated to consider matters not specifically brought to its attention. Thus, it is immaterial that helpful evidence may be located somewhere in the record. The motion and opposition must designate and reference specific triable facts. *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001).

(Doc. 119, pp 1-2, n. 1) (Emphasis added).

In denying MID's motion for summary judgment on Plaintiff's race discrimination claims, the Court found that Plaintiff had presented evidence "that there [were] some racially charged words used by supervisors at MID . . . [and] that plaintiff has been referred to as . . . possibly 'nigger.'"[1]  (Doc. 119, p. 15).  The Court cited Plaintiff's separate statement of disputed

---

[1] The Court further found that Plaintiff had produced "direct evidence of possible racial animus.  For instance, racially derogatory terms were used by supervisors and used to refer to plaintiff in particular.  The term 'nigger' has been used."  (Doc. 199, p.17).

1  facts, numbers 165-186, which included Ms. Peraino's declaration regarding use of the word

2  "nigger." (Doc. 110-1, Disputed Facts #165-169).

3      MID is now seeking to preclude introduction of Ms. Peraino's testimony at trial as an

4  evidentiary sanction pursuant to Fed. R. Civ. P. 37.

5                                    **DISCUSSION**

6  A.    Modification of the Scheduling Order

7      MID asks the Court to modify the scheduling order and decide this non-dispositive

8  motion after the relevant cut-off date.

9      Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control

10  and expedite pretrial discovery through a scheduling order and states that a schedule shall not be

11  modified except upon a showing of good cause.  In this context, "good cause" has been linked

12  with the diligence of the party requesting the modification.  See Zivkovic v. Southern California

13  Edison Co., 302 F.3d 1080, 1087-1088 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc.,

14  975 F.2d 604 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party

15  opposing the modification might supply additional reasons to deny a motion, the focus of the

16  inquiry is upon the moving party's reasons for seeking modification." Id. at 609.

17      MID contends that there is good cause to modify the scheduling order and decide this

18  motion because MID "needs to know now, rather than after a motion in limine, whether the court

19  will permit Ms. Peraino to testify at trial." Defendant's Motion, p. 3.  Plaintiff has not

20  challenged this contention.  Therefore, the Court considers MID's motion for an exclusionary

21  sanction.

22  B.    Exclusionary Sanctions

23      MID seeks an exclusionary sanction to preclude Ms. Peraino from testifying at trial.  To

24  support such a sanction, MID forwards the same arguments as those in its objections to the

25  Peraino Declaration.  Namely, MID argues that evidentiary sanctions should be imposed because

26  Plaintiff failed to disclose Ms. Peraino, or supplement its disclosures of the witnesses, in a

27  "timely" manner pursuant to Fed. R. Civ. P. 26.  MID asserts that Plaintiff has been aware of Ms.

28  Peraino since at least November 2009 and his failure to gather information in timely manner and

1  to disclose her as a witness is prejudicial.  MID claims this is "sand-bagging" and warrants the

2  imposition of sanctions pursuant to Fed. R. Civ. P. 37.  Motion, p. 5.

3       Rule 37(c)(1) provides that a party who fails to provide information required by Rule 26

4  "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or

5  at trial, unless the failure was substantially justified or is harmless."  The Ninth Circuit has

6  explained that "even absent a showing in the record of bad faith or willfulness, exclusion is an

7  appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)."  Yeti

8  by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001) ("Implicit in Rule

9  37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

10       In anticipating Plaintiff's opposition,[2] MID claims that the Court did not rely on the

11  Peraino Declaration in deciding the summary judgment motion.  As noted, the Court clearly

12  relied on disputed evidence from the Peraino Declaration in denying MID's motion for summary

13  judgment on Plaintiff's race discrimination claims.  In so doing, the Court overruled MID's

14  objections to the declaration.  Thus, the Court already has considered and resolved MID's request

15  for sanctions based on untimely disclosure of Ms. Peraino as a witness.  Given the disposition of

16  MID's objections, this Court declines to prohibit the testimony of Ms. Peraino at trial as an

17  evidentiary sanction for failure to timely disclose her as a witness.[3]

18       However, the Court concludes that to require MID to explore Ms. Peraino's testimony for

19  the first time at trial would be highly prejudicial to MID.  Fed. R. Civ. P. 37(c)(1).  Both parties

20  have indicated a willingness to extend the discovery deadlines in this matter to allow MID an

21  opportunity to depose Ms. Peraino.  Accordingly, the Court modifies the scheduling order to

22  reopen non-expert discovery for the limited purpose of allowing MID to depose Ms. Peraino

23  before December 1, 2010.

24

25      [2]Plaintiff raises numerous arguments in opposition.  His attempt to divert the Court's attention from his

26  untimely disclosure by claiming MID was required to disclose Ms. Peraino's identity is not well reasoned.  As MID points out, it is difficult to divine why MID would use "a disgruntled former employee it had terminated for cause as

27  a witness in support of its defenses."  Reply, p. 2.

    [3]The Court makes no determination as to the appropriateness of permitting Ms. Peraino to testify at trial,

28  whether she may be considered an impeachment witness and/or the admissibility of her testimony at trial.

1    Further, Plaintiff is admonished that the instant ruling is not tacit approval of any other

2  untimely witness disclosures.  In its reply, MID has directed the Court's attention to another

3  witness that Plaintiff disclosed after the non-expert discovery deadline.  Specifically, on October

4  19, 2010, Plaintiff disclosed witness Barry Bennett, who is identified as Ms. Peraino's attorney

5  during her lawsuit against MID.  MID asked the Court to exclude the use of Mr. Bennett as a

6  witness.  As the untimely disclosure of this witness was not the original subject of this motion,

7  the Court declines to address the propriety of exclusionary sanctions at this time.  However, MID

8  is not precluded from seeking exclusionary sanctions regarding the untimely disclosure of this

9  witness and need not seek leave of court to do so.

10                                                  **CONCLUSION**

11    Based on the above, MID's motion for sanctions to exclude testimony of Connie Peraino

12  from trial is DENIED.

13    The Scheduling Order is HEREBY MODIFIED and non-expert discovery is RE-

14  OPENED for the limited purpose of allowing MID to depose Ms. Peraino prior to December 1,

15  2010.

16

17   IT IS SO ORDERED.

18  **Dated:    October 21, 2010**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28